IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 MAY 11 PM 4:30
ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

CHARLES LAMARCO TANZY,

Plaintiff,

vs. No. 04-2773-Ml/V

CITY OF GALLOWAY, et al.,

Defendants.

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff, Charles La Marco Tanzy, a resident of Galloway, Tennessee, filed a complaint under 42 U.S.C. § 1983 naming the City of Galloway, Mayor Layton Wiston, Fayette County, and Officer Billy Phillips as defendants and alleging that he was subjected to malicious prosecution pursuant to an order of a local housing authority. On March 15, 2005, the Court directed plaintiff to file an amended complaint containing facts explaining what charges or citations were placed against him as a result of his arrest on September 27, 2003. Plaintiff was also directed to amend his complaint to state the disposition of those charges.

On April 4, 2005, plaintiff filed his amended complaint with attachments. The amended complaint and documents reveal that plaintiff was charged with one count of possession of a prohibited

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-13-05



weapon, two counts of criminal trespass, and one count of disorderly conduct. Plaintiff alleges that he pled guilty to the charge of disorderly conduct "because it was in [his] best interest [sic]." Plaintiff alleges that the remaining charges were dismissed. The attached judgments reveal that the weapons charge was dismissed upon plaintiff's forfeiture of the weapon and that plaintiff is "restrained from Galloway Federal Housing Authority."

Plaintiff has no claim against the defendants for malicious prosecution, false arrest, or other constitutional violations until he can demonstrate that his guilty plea has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schilling v. White, 58 F.3d 1081, 1085 (6th Cir. 1995). Thus, Heck applies to bar plaintiff's claims against any defendant. Any claims he may possess may yet accrue if plaintiff has his conviction overturned on direct appeal or via collateral attack.

Accordingly, this complaint fails to state a claim upon which relief can be granted and is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in

forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Accordingly, it would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief may be granted, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Serv., 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent

progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

IT IS SO ORDERED this 11 day of May, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:04-CV-02773 was distributed by fax, mail, or direct printing on May 13, 2005 to the parties listed.

Charles Lamarco Tanzy
P.O. Box 252
Galloway, TN 38036

Honorable Jon McCalla
US DISTRICT COURT